OPINION OF THE COURT
Rose La Mendola, J.
The People appeal from an order of the Honorable Carmelo A. Parlato, Judge of the City Court of Buffalo (77 Mise 2d 889), dismissing an information charging defendant herein with violation of section 130.38 of the Penal Law on the grounds that said section is unconstitutional since it denies equal protection of the law to citizens "not married to each other” in violation of the Fourteenth Amendment of the United States Constitution and section 11 of article I of the New York Constitution.
In declaring the statute unconstitutional, Judge Parlato of *906 the City Court of Buffalo states (p 891): "The subject statute would make criminals of some citizens, but not others, on the basis of an unsupportable distinction and would constitutionally wrongfully deny to the former the equal protection of the law.”
This court cannot agree with such a conclusion.
Traditionally, the system of jurisprudence in this State as well as others, has recognized discriminate application and enforcement of laws as they affect certain classes of citizens such as minors and married persons.
The court does agree with the contention of the respondent that one of the three areas involving deviate sexual behavior in which the Legislature should be concerned is the duty to prevent a violation of public decency.
A higher court has already ruled that no substantial Federal question existed as to the constitutionality of the subject statute.
In Raphael v Hogan (305 F Supp 749) the plaintiff argued that the subject statute was unconstitutional on its face because it invidiously discriminated between married individuals and unmarried individuals.
The court rejected the argument that it is criminal for unmarried people to engage in sodomy in public, but not for married people to do so.
The court stated (p 756): "We believe a rational foundation exists for the state’s discrimination between acts of consenual sodomy committed by married and unmarried persons. No matter who the participants are, we emphasize such deportment in public violates the prohibition of the statute hereunder consideration.”
In the instant case this court agrees with the finding of the higher court. If the participants had been married to each other, they could be prosecuted under New York State’s public lewdness statute (Penal Law, § 245.00).
Order of the Judge of the City Court of Buffalo herein dismissing the information is vacated and the information is hereby reinstated.